UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and JANE NISHIDA, as Acting Administrator of the United States Environmental Protection Agency,<br><br>Defendants. | Case No. 4:24-cv-03665-HSG<br><br>**CONSENT DECREE** |

1  WHEREAS, Plaintiff Ecological Rights Foundation ("EcoRights") filed its Complaint on June 18, 2024, pursuant to section 505(a)(2) of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(2), against the U.S. Environmental Protection Agency and its former Administrator, Michael S. Regan (collectively, "EPA");

WHEREAS, EcoRights amended its Complaint on September 18, 2024 ("First Amended Complaint");

WHEREAS, the First Amended Complaint alleges claims that EPA has failed to perform certain mandatory duties under the CWA concerning the California State Water Resources Control Board's submission of amendments to the Water Quality Control Plan for the San Francisco Bay/Sacramento-San Joaquin Delta Estuary ("Bay-Delta Plan amendments" or "Plan amendments");

WHEREAS, on August 26, 2019, California submitted the Bay-Delta Plan amendments for EPA review and approval of those portions of the Plan amendments that constitute new or revised water quality standards ("WQS") under the CWA;

WHEREAS, the First Amended Complaint more specifically alleges that EPA failed to fulfill its nondiscretionary duty to act on the WQS submitted as part of the Bay-Delta Plan amendments pursuant to CWA section 303(c)(3), 33 U.S.C. § 1313(c)(3), which requires that EPA shall approve the WQS within 60 days of submittal or disapprove them within 90 days of submittal;

WHEREAS, prior to filing its Complaint, EcoRights provided EPA notice of its intent to file a CWA citizen suit, as required by CWA section 505(b)(2), 33 U.S.C. § 1365(b)(2), to compel EPA to take action on new or revised water quality standards submitted by California in the Bay-Delta Plan amendments;

WHEREAS, the relief requested in the First Amended Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations under CWA section 303(c)(3), 33 U.S.C. § 1313(c)(3), to approve or disapprove WQS in the Bay-Delta Plan amendments;

WHEREAS, EPA initiated consultation by requesting concurrence on its "not likely to adversely affect" determination from the U.S. Fish and Wildlife Service and requesting formal ESA consultation

1

with the U.S. National Marine Fisheries Service (collectively "the Services") on September 1, 2023, consistent with section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536, regarding the WQS contained in the Bay-Delta Plan amendments (generally referred to as "ESA Consultation");

WHEREAS, EPA and the Services are presently engaged in ESA Consultation on the Bay-Delta Plan amendments;

WHEREAS, for the purposes of the agency action required under Paragraphs 9 or 10 of this Consent Decree, EcoRights and EPA (collectively "the Parties") agree that EPA's completion of ESA Consultation will provide EPA with useful and important information regarding the potential effects, if any, the WQS in the Bay-Delta Plan amendments may have on ESA-protected species;

WHEREAS, the Parties have agreed through this Consent Decree to a settlement of all claims identified in EcoRights' Notice of Intent and First Amended Complaint related to EPA's obligations under CWA section 303(c)(3) to approve or disapprove new or revised WQS in the Bay-Delta Plan amendments without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and, therefore, wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, EcoRights, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CWA;

NOW THEREFORE, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED and DECREED that:

**I. GENERAL TERMS**

1.  This Court has subject matter jurisdiction over the First Claim set forth in the First Amended Complaint. Venue is proper in the United States District Court for the Northern District of California.

2.  This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorneys' fees.

3. This Decree shall constitute a complete and final settlement of all claims related to EPA's obligations under CWA section 303(c)(3), 33 U.S.C. § 1313(c)(3), to approve or disapprove new or revised WQS in the Bay-Delta Plan amendments raised in the Notice of Intent and the First Amended Complaint, except for the costs of litigation (including attorneys' fees).

4. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor waive or limit any claim, remedy, or defense, on any grounds, related to any action EPA takes with respect to the actions addressed in this Consent Decree.

5. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

6. This Consent Decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

## II. TERMS OF AGREEMENT

7. During the remaining period of ESA Consultation, EPA shall file bi-monthly (i.e., once every 60 days) status reports as follows:

   a. EPA will file its first status report no later than sixty (60) days from the date the Court enters this Consent Decree.

   b. Thereafter, EPA shall file a status report every sixty (60) days until the conclusion of ESA Consultation.

   c. Status reports shall include the following information, as available: (1) the number of meetings held by EPA with the Services to discuss the Bay-Delta Plan amendments; (2) the general topics discussed at those meetings; and (3) the anticipated completion date for ESA Consultation.

   d. Nothing in paragraph 7 and its subparagraphs requires EPA to disclose deliberative or confidential information.

8.    EPA will file a notice within seven (7) business days of the completion of ESA Consultation with the Services. ESA Consultation will be complete when consultation has resolved for all listed species subject to consultation for EPA's action on the Bay-Delta Plan amendments. Consultation for an individual species is complete when (1) EPA has concluded that there will be no effect on that ESA-listed species; or (2) the Services provide written concurrence(s) with the EPA's conclusion that EPA's action is "not likely to adversely affect" that ESA-listed species or designated critical habitat pursuant to 50 C.F.R. §§ 402.13 and 402.14(b); or (3) the Services issue Biological Opinion(s) covering that ESA-listed species pursuant to 50 C.F.R. § 402.14(h).

9.    In the event EPA approves all of the new or revised WQS EPA identifies in the Bay-Delta Plan amendments, EPA's action approving new or revised WQS in the Bay-Delta Plan amendments shall be completed no later than 182 days from the date ESA Consultation concludes as provided by paragraph 8. EPA shall promptly file a notice of the agency action.

10.    In the event EPA disapproves in whole or any part of the new or revised WQS EPA identifies in the Bay-Delta Plan amendments, EPA's action on new or revised WQS in the Bay-Delta Plan amendments shall be completed no later than 365 days from the date ESA Consultation concludes as provided by paragraph 8. EPA shall promptly file a notice of the agency action.

11.    For the purpose of Paragraphs 9 and 10, the time by which EPA must take action will begin to run on the next business day after ESA Consultation is concluded in accordance with Paragraph 8. Days will be counted using calendar days.

### III. LITIGATION COSTS (INCLUDING ATTORNEYS' FEES)

12.    This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including reasonable attorneys' fees.

13.    The deadline for filing a motion for EcoRights' costs of litigation (including reasonable attorneys' fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after the entry of this Consent Decree by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorneys' fees), and if they cannot,

4

EcoRights will file a motion for such costs or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

### IV. EFFECTIVE DATE

14. This Consent Decree shall become effective upon the date of its entry by the Court. If for any reason the District Court does not enter this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either Party and the Consent Decree's terms may not be used as evidence in any litigation between the parties.

### V. REMEDY, SCOPE OF JUDICIAL REVIEW

15. Nothing in this Consent Decree shall be construed to confer upon the Court jurisdiction to review any decision, either procedural or substantive, to be made by EPA pursuant to this Consent Decree, except for the purpose of determining EPA's compliance with this Consent Decree.

16. Nothing in this Consent Decree alters or affects the standards for judicial review, if any, of any final EPA action.

### VI. TERMINATION OF CONSENT DECREE

17. After EPA has completed the actions set forth in Paragraphs 9 or 10 of this Consent Decree and the costs of litigation, including reasonable attorneys' fees, have been resolved, EPA may move to terminate this Consent Decree. EcoRights shall have fourteen (14) days to respond to such motion, unless the parties stipulate to a longer time. The basis of EcoRights' opposition to such motion shall be limited to whether EPA has failed to perform or failed to completely perform the actions required by this Consent Decree.

### VII. FORCE MAJEURE AND APPROPRIATED FUNDS

18. The Parties recognize and acknowledge that obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341, or any other applicable provision of law.

19. The possibility exists that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the deadlines in this Consent Decree. Such situations include, but are not limited to, a government shutdown; catastrophic environmental events requiring immediate and/or time-consuming response by EPA; and extreme weather events. Should a delay occur due to such circumstances, any resulting failure to fulfill any obligation set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadline so affected shall be extended one day for each day of the delay. EPA will provide EcoRights with reasonable notice in the event that EPA invokes this Paragraph. Any dispute regarding such invocation shall be resolved in accordance with the dispute resolution process set forth in Paragraphs 20 and 21.

## VIII. DISPUTE RESOLUTION

20. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice, via electronic mail, outlining the nature of the dispute and requesting informal negotiations. The Parties shall then meet and confer to attempt to resolve the dispute. If the Parties cannot reach an agreed-upon resolution within thirty (30) days after receipt of the notice, any Party may move the Court to resolve the dispute.

21. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court may be filed unless the procedure set forth in the preceding paragraph is followed.

## IX. MODIFICATIONS AND EXTENSIONS

22. The deadlines established by this Consent Decree may be extended (a) by written stipulation of the Parties with notice to the Court, or (b) by the Court upon a motion by one or more of the Parties for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply. Any other provision of this Consent Decree also may be modified by the Court following the filing of a motion of an undersigned Party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving Party and any reply thereto.

## X. AGENCY DISCRETION

23. Except as expressly provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded the EPA Administrator by the CWA, the Administrative Procedure Act, or general principles of administrative law in taking the actions that are the subject of this Consent Decree.

24. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law.

## XII. NOTICE AND CORRESPONDENCE

25. Any notices required or provided for by this Consent Decree shall be made in writing, via electronic mail and, if electronic mail is infeasible due to the nature of the notice, by U.S. mail, and sent to the following:

For Plaintiff:

Christopher Sproul
Brian Orion
ENVIRONMENTAL ADVOCATES
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Email: csproul@enviroadvocates.com, borion@enviroadvocates.com

For Defendants:

Elizabeth Berg
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
Environmental Defense Section
150 M St NE
Washington, D.C. 20002
Telephone: (202) 514 2795; (202) 305 5036
Email: Elizabeth.berg@usdoj.gov

Jon M. Lipshultz
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
Environmental Defense Section
150 M St NE
Washington, D.C. 20002
Telephone: (202) 514 2191
Email: Jon.Lipshultz@usdoj.gov

### XIII. REPRESENTATIVE AUTHORITY

26. This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

27. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Decree.

**SO AGREED**

For Plaintiff:

Dated: January 7, 2025

Christopher Sproul
Environmental Advocates
Counsel for Plaintiff EcoRights

For Defendants:

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

Dated: _____ January 8 , 2025

Elizabeth Berg, Trial Attorney
Environment & Natural Resources Division

IT IS SO ORDERED.

Dated and entered: January 10, 2025

The Honorable Haywood S. Gilliam, Jr.
United States District Judge

8